# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

THE HANOVER FIRE INSURANCE COMPANY, Respond-
ENT, *v.* THE GERMANIA FIRE INSURANCE COMPANY
AND JOHN E. KAHL, Appellants, AND ALEXANDER
STODDARD, Respondent.

*Injunction — when a mandatory clause may be inserted in a preliminary injunction —*
*when one of the parties to a business agreement may be appointed a receiver to close*
*up the business, against the objections of one of his associates.*

APPEAL from an order made at a Special Term, continuing an
injunction and appointing the respondent Stoddard as receiver and
manager of the business of an insurance agency in New York.

The plaintiff and the Germania Insurance Company entered into
an agreement on the 24th of December, 1873, for the establishment
of a general insurance agency under the management of the defend-
ant Stoddard to continue for the period of ten years from the 1st of
January, 1874; and they also entered into an agreement with the
defendant Stoddard, employing him as such agent and placing
the business of the agency under his charge and management.  The
agency established in this manner continued until the fall of the
year 1883 without any disagreement of the parties concerned in it.
But early in the fall dissatisfaction arose between the president of
the Germania Insurance Company and Stoddard, which led to a
refusal on the part of each of them to renew their agreements after
the ten years specified in them should expire.  Succeeding this
disagreement acts were performed on the part of each of these per-
sons which were claimed by the other to be a violation of the
obligations they had entered into.  And that finally resulted in liti-
gation at the suit of the Germania Fire Insurance Company, in
which an injunction was issued restraining the other parties from

violating any of the duties arising out of these obligations. For that, and because of further alleged improper acts of interference with Stoddard in the management of the business of the agency, this action was commenced practically to secure him in the exercise of his authority and the discharge of his duties in closing the business of the agency.

By the last clause of the agreement entered into between the insurance companies, it was agreed in case the stipulated period should not be extended that they should through this general agent close up its business under the direction and management of their general agent Stoddard. This clause is in the following words: This agreement shall continue for ten years from the 1st day of January, 1884, subject to the right of either party to terminate the same at the expiration of any calendar year on giving three months' notice to that effect in writing to the other; and at the end, or other sooner determination thereof, the said companies through their general agent shall make and state a final account to and with each other, in which shall be inserted all matters connected with said business appropriate to be inserted therein, and the business of the said agency shall be closed up under the direction and management of the general agent unless both said parties object to his so acting, and the assets and property, debts and charges, shall be divided, shared and paid equitably according to the true intent of this agreement.

And by a preceding article contained in the agreement, it was further agreed that the general agent should be under and subject to the control, advice and suggestions of the presidents for the time being of both insurance companies, jointly and not severally. Notwithstanding these stipulations, the president of the Germania Fire Insurance Company undertook, by his own act, to dismiss Stoddard from the business of the agency, and prevent him from continuing in its transaction and management, and the defendant Kahl, who was selected to act as the treasurer of the business of the agency, afterwards withheld the funds which were to pay and extinguish the demands ultimately made upon it. And it was for these reasons and further apprehended interference that the action was brought in which the order was made, from which this appeal has been taken.

The General Term, after holding that Stoddard was entitled to close up the business, as provided in the agreement, and that it was not shown that he had been guilty of any improper acts disqualifying him from so doing, said : " By the terms of the injunction, the object of which was to secure the defendant Stoddard in the exercise of the authority required for the final settlement of this business, the defendant Kahl was restrained from refusing, neglecting or omitting to pay the proportions of the companies of the losses, debts or expenses requiring to be paid in the adjustment of the affairs of the agency. This direction has been objected to as a mandatory clause which should not be inserted in the preliminary injunction. But something of this nature was required to allow the settlement of the business of the agency to proceed. That could not be done without the use of some of the funds passing into the hands of the treasurer, and if he persistently withheld them, the business itself would necessarily be brought for the time to an end, and that would violate the obligations of the agreement which these companies had entered into for the settlement of the affairs of this agency, and it was as important that this should be prevented, as it was that the defendant Stoddard should be secured in the exercise of his authority to close the affairs of the agency. And some effectual direction was accordingly necessary to prevent the agreement which the parties had entered into for this purpose from being defeated. Whether an injunction is merely restraining in its effect or mandatory, is often a subject which cannot be clearly defined. The dividing line must necessarily, to some extent, be shadowy and intangible. That is shown by the authority of *Rogers Locomotive Works* v. *Erie Railway Company* (20 N. J., 579), where it was held that the court will not ordinarily award a mandatory injunction until the final hearing and disposition of the action. But that the court will do by means of this process what is necessary to prevent a defendant from defeating and frustrating the rights of other parties is maintained by the authorities referred to in this decision, and by those referred to in Hilliard on Injunctions (3d ed., 7–11.)

" This subject and the authorities relating to it were elaborately considered in the opinion of SHARSWOOD, J., appended as a note to page 7 of this work, and both from the text of the work itself and

cases referred to in this opinion, it is evident that the court may extend its restraints by means of an injunction so far as that may be necessary to meet the emergencies of the particular case and prevent injustice. Possibly in this instance the injunction has gone further than the authorities will maintain it. But there certainly will be no impropriety in prohibiting the defendant Kahl, as the treasurer of this agency, from withholding the funds in his hands or under his control, in that capacity, from the payment of any proper demand arising in the course of the settlement of the business of this agency. While that would not be precisely in the form in which the injunction has been issued, and therefore not obnoxious to any of these authorities, it would still be as effectual for all the purposes of this business. Although the objection that this injunction has been extended too far may be well made, it may be modified in this manner without reducing its efficiency. For if the defendant Kahl should while under such a restraint withhold the funds from the uses which the business requires should be made of them, he would be as much liable to punishment as he probably would be under the broad language of the present injunction, to which exception may probably be taken. The facts of this case require no further modification. For this restraint imposed by the injunction will not be obnoxious to any of the cases which have been referred to, nor to that of *Akrill* v. *Selden* (1 Barb., 316), but will be sustained by the legal principles required to be observed in the issuing of injunctions.

"As the parties themselves had agreed that the defendant Stoddard should manage and close the affairs of this agency, it was entirely regular, so long as he had been interfered with on the part of one of them, that he should be appointed managing receiver by the court, and placed under its special control and protection. This was no more than carrying into effect the agreement the parties themselves had voluntarily made ; and it was alike beneficial to both of them that this appointment should take place. It would not seem to require authority to sustain this part of the order, it was so obviously and entirely proper. But other cases similar in their controlling features have previously arisen in which the court has interposed in the same manner, and they fully justify what was directed by this portion of the order." ( *Waters* v. *Taylor*, 15 Ves., 10 ; *Lawson*

*v. Morgan,* 1 Price, 303 ; Lindley on Partnership [3d ed.], 618 ;. Id. [2d ed.], 1069.)

*Luther R. Marsh,* for the appellants.

, *Grosvenor P. Lowery* and *G. W. Cotterill,* for the respondents.

Opinion by Daniels, J.; Brady, J., concurred ; Davis, P. J., taking no part.

Judgment modified as directed in opinion, and affirmed as modified, with costs to abide event.